25-08/MF/JTN
Freehill, Hogan & Mahar, LLP
Attorneys for Defendants
A.P. MOLLER - MAERSK A/S, MAERSK, INC. and
MAERSK PUERTO RICO, INC.
80 Pine Street
New York, New York 10005-1759
Michael Fernandez, Esq. (MF-4514)
Justin T. Nastro, Esq. (JN-2776)
212 425 1900 (Tel)
212 425 1901 (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FEDERAL INSURANCE COMPANY,

                Plaintiff,              07 Civ. 11349

                                              Judge Sullivan

      -against-              **_ANSWER WITH_**
                                              **_CROSS-CLAIMS_**

M/V "MAERSK VOSHOD", her engines,
tackle, boilers, etc., MAERSK SEALAND;
A.P. Moller-MAERSK A/S trading as MAERSK
LINE; MAERSK INC.,; MAERSK PUERTO RICO,
INC., HORIZON LINES, LLC;

                Defendants.

-----------------------------------------------------------x

       Defendants A.P. MOLLER-MAERSK A/S (incorrectly named as "MAERSK SEALAND; A.P. Moller-MAERSK A/S trading as MAERSK LINE"), MAERSK, INC., and MAERSK PUERTO RICO, INC. (hereinafter referred to as the "Maersk Defendants") by their attorneys, FREEHILL, HOGAN & MAHAR, LLP, responding to the Complaint, allege upon information and belief as follows:

NYDOCS1/297814.1

1. Defendants admit that to the extent Plaintiff has alleged damages arising out of a contract of carriage of goods by sea, that this is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of this Court, but except as so admitted deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph 2 of the Complaint.

3. Admit that the Maersk Defendants are business entities organized and existing under the laws of the United States or a foreign country. At all times Defendants MAERSK, INC. and MAERSK PUERTO RICO, INC. were acting as agents, servants or subcontractors for disclosed principal A.P. MOLLER –MAERSK A/S.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint, and leave all the questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint, and leave all questions of law to the Court.

6. Admit that bill of lading MAEU851691611, with date of issue December 18, 2006 was issued for 1 container said to contain 900 PCS of "USA Low-Class Conventional Hides", for voyage 0633 on the M/V MAERSK VOSHOD

and deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6 of the Complaint.

7. Deny each an every allegation in Paragraph 7 of the Complaint as it pertains to the Maersk Defendants; and deny knowledge or information sufficient to form a belief as to the remaining allegations therein.

8. Deny the allegations contained in Paragraph 8 of the Complaint.

9. Deny the allegations contained in Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

### AS AND FOR A RESPONSE TO THE
### SECOND CAUSE OF ACTION

11. Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "10" of the Complaint with the same force and effect as though fully set forth at length herein.

12. Deny the allegations contained in Paragraph 12 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim and/or cause of action against the Maersk Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

14. The shipment described in the Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. Sec. 1300 et seq., and/or the Limitation of Vessel Owner's Liability Act ("Limitation Act"), 46 U.S.C. Sec. 181 et seq., and/or the Harter Act, 46 U.S.C. Sec. 190 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which the Maersk Defendants are not liable by virtue of the terms of the aforementioned legislation.

### THIRD AFFIRMATIVE DEFENSE

15. The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bills of lading agreed to be and are bound. Any loss, damage or shortage to the goods, which is denied, was due to a

cause or causes for which the Maersk Defendants are not liable by virtue of the terms of said dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, including but not limited to the routing of the vessel.

### FOURTH AFFIRMATIVE DEFENSE

16. Any loss, damage or shortage to the goods as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods.

### FIFTH AFFIRMATIVE DEFENSE

17. If any loss, damage or shortage resulted to the goods as alleged in the Complaint, which is denied, the Maersk Defendants are not liable due to the following provisions (either singularly or in combination) of 46 U.S.C. Sec. 1304 (COGSA):

(a) Act, neglect, or default of the master, mariner, pilot, or the servant of the carrier in the navigation or in the management of the ship;

(b) Perils, dangers, and accidents of the sea or other navigable waters;

(c) Act of God;

(d) Act or omission of the shipper or owner of the goods, his agent or representative;

(e) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods;

(f) Insufficiency of packing;

(g) Insufficiency or inadequacy of marks;

(h) Latent defects not discoverable by due diligence;

(i) Any other cause arising without the actual fault and privity of the Defendants and without the fault or neglect of the agents or servants of the Defendants.

### SIXTH AFFIRMATIVE DEFENSE

18. Any loss or damage to the goods as alleged in the Complaint, which is denied, occurred when the goods were out of the care, custody and control of the Maersk Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

19. Any loss or damage to the goods as alleged in the Complaint, which is denied, was caused by or contributed to by the Plaintiff and/or other third-parties, and not by the Maersk Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff is not the real party in interest or proper Plaintiff to assert these claims.

### NINTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to include in its Complaint indispensable parties to the action.

### TENTH AFFIRMATIVE DEFENSE

23. This Court lacks in personam jurisdiction over the Maersk Defendants.

### *ELEVENTH AFFIRMATIVE DEFENSE*

24.     Insufficient and/or improper service of process over the Maersk Defendants.

### *TWELFTH AFFIRMATIVE DEFENSE*

25.     The Maersk Defendants' liability, if any, which is specifically denied, is limited by the applicable dock receipt(s), bills (s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, and/or COGSA's 46 U.S.C. 1304(5) limitation to $500 per package, or if the goods are not shipped in packages, $500 per customary freight unit.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

26.     Plaintiff failed to give timely notice of the alleged damage, loss or shortage and/or this claim is time barred as per the applicable legislation and/or terms of the subject dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

27.     Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

28.     Plaintiff failed to minimize or mitigate the damages asserted in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

29. At all times relevant, MAERSK, INC. and MAERSK PUERTO RICO, INC. were acting as agents, servants or subcontractors for disclosed principal A.P. MOLLER-MAERSK A/S. As such, under the applicable law as well as the terms and conditions of the applicable bill of lading including but not limited to Paragraph 4.2 (i) no claim or allegation whether arising in contract, bailment, tort or otherwise shall be made against MAERSK, INC. and MAERSK PUERTO RICO, INC. and MAERSK, INC. and MAERSK PUERTO RICO, INC. shall have the benefit of all Terms and Conditions as contained in the subject bill of lading.

### AS AND FOR THEIR CROSS-CLAIMS AGAINST CO-DEFENDANT HORIZON LINES, LLC THE MAERSK DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

30. The Maersk Defendants repeat and re-allege each and every admission, denial and defense set forth above in response to Plaintiff's Complaint with the same force and effect as if set forth herein at length.

31. If the shipment in suit was damaged as set forth in the Complaint, which is specifically denied, then the loss or damage was proximately caused by the negligence, breach of contract (express or implied), breach of warranty (express or implied), or the fault or omission of Co-Defendant HORIZON LINES, LLC, in whole or in part, and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of the Maersk Defendants.

32.     If Plaintiff is entitled to recover against the Maersk Defendants for the loss alleged in the Complaint, then the Maersk Defendants are entitled to recover indemnity and/or contribution from Co-Defendant HORIZON LINES, LLC for part or all of any such sums recovered, together with interest, costs and attorneys fees in defending against Plaintiff's action.

33.     If Plaintiff is not entitled to recover against the Maersk Defendants, then the Maersk Defendants are entitled to recover indemnity from Co-Defendant HORIZON LINES, LLC for all expenses and fees, including but not limited to interest, costs and attorneys' fees, which they may incur in defending Plaintiff's action.

**WHEREFORE**, the Maersk Defendants respectfully pray:

1.     That the Complaint against them be dismissed together with costs and expenses incurred in the defense of this action;

2.     That the Court adjudge that they have no liability for any of the matters alleged in the Complaint;

3.     That the Court find in their favor and against all co-defendants on the Cross-Claims asserted herein; and

4. That the Maersk Defendants be granted such other and further different relief as this Court may deem just, equitable and proper in the premises.

Dated: New York, New York
February 20, 2008

                                            FREEHILL, HOGAN & MAHAR LLP
                                            Attorneys for Maersk Defendants

By: _____
Michael Fernandez, Esq. (MF-4514)
Justin T. Nastro, Esq. (JN-2776)
80 Pine Street
New York, New York 10005
Telephone No: (212) 425-1900

To: David L. Mazarolli, Esq.
Attorney for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007
212 267 8480

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     :
                     : ss.:
COUNTY OF NEW YORK :

GLORIA J. REGIS-HOSEIN, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides at 80 Pine Street, New York, New York 10005. On February 20, 2008, deponent served the within ANSWER WITH CROSS-CLAIMS, upon:

David L. Mazarolli, Esq.
Attorney for Plaintiff
11 Park Place, Suite 1214
New York, New York 10007

the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
GLORIA J. REGIS-HOSEIN

Sworn to before me on the
20th day of February, 2008.

_____
NOTARY PUBLIC

JUSTIN T. NASTRO
Notary Public, State of New York
No. 02NA6067826
Qualified in New York County
Commission Expires December 17, 2009

NYDOCS1/297814.1                11