John A. Orzel (JAO-2420)
DeORCHIS, & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for Defendant,
Horizon Lines, LLC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FEDERAL INSURANCE COMPANY;

                        Plaintiffs,          ECF CASE

   - against -

                                                07 Civ. 11349 (RJS)

M/V " MAERSK VOSHOD", her engineers,
tackle, hoilers, etc.; MAERSK SEALAND; A.P.       ***ANSWER***
MOLLER-MAERSK A/S trading as MAERSK     ***TO COMPLAINT***
LINE; MAERSK INC.; MAERSK PUERTO             ***AND***
RICO, INC.; HORIZON LINES LLC;            ***CROSS CLAIM***

                        Defendants.
------------------------------------------------------------x

      Defendant HORIZON LINES LLC ("Defendant"), through its undersigned attorneys, allege for its Answer as follows:

### FIRST CAUSE OF ACTION

      1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

      3.     Admits that HORIZON LINES LLC is a corporation organized under the laws of and with their principal places of business in, one of the fifty states, but except

as so specifically admitted denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Admits that on or about December 18, 2006 defendant HORIZON LINES LLC received container POCU113984-1, which was shipper stuffed and sealed, but except as so specifically admitted denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Denies each and every allegation contained in paragraph 8 of Plaintiffs' Complaint.

9. Denies each and every allegation contained in paragraph 9 of Plaintiffs' Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

**SECOND CAUSE OF ACTION**

11. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 10 inclusive of this Answer, with the same force and effect as if herein set forth at length.

12. Denies each and every allegation contained in paragraph 12 of Plaintiffs' Complaint.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE
CLAIMS SET FORTH IN THE COMPLAINT, DEFENDANT
HORIZON LINES LLC.
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

13. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 12 inclusive of this Answer, with the same force and effect as if herein set forth at length.

**FIRST AFFIRMATIVE DEFENSE**

14. The complaint fails to state a cause of action upon which relief can be granted as against defendants.

**SECOND AFFIRMATIVE DEFENSE**

15. If any loss and/or damage was sustained by plaintiff as alleged in the complaint, which is specifically denied, said loss and/or damage was solely caused by or contributed to by the fault, neglect, acts or omissions, breach of express and implied warranties, breach of bailment or breach of contract on the part of the shipper or receiver or the owner of the goods and/or their agents or the nature of the shipment or was caused by the acts or omissions of other persons or entities for whom answering defendants are neither responsible nor liable.

**THIRD AFFIRMATIVE DEFENSE**

16. Plaintiff is not the real party in interest.

### FOURTH AFFIRMATIVE DEFENSE

17. There is no privity of contract between plaintiff and answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff was contributorily negligent in the events giving rise to the claims allegedly asserted herein and thus plaintiff's recovery, if any, must be diminished in proportion to plaintiff's own negligence.

### SEVENTH AFFIRMATIVE DEFENSE

20. Any loss and/or damage to the shipment as alleged in the complaint, which is denied, was caused in whole or in part by plaintiff's failure to provide adequate instructions concerning the care of the shipment.

### EIGHT AFFIRMATIVE DEFENSE

21. Answering defendant is not liable for any loss and/or damage to this shipment as alleged in the complaint, which is expressly denied, by reason of the terms, provisions, exceptions from liability, defenses, conditions, liberties and/or exceptions of the governing contract(s) of carriage, charter parties, contracts, statutes, conventions, Harter Act and/or the General Maritime Law.

### NINTH AFFIRMATIVE DEFENSE

22. The maximum liability of HORIZON LINES LLC, if any, is $500 per package or per customary freight unit for goods not in packages as agreed in the

provisions of the bill of lading and pursuant to the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### TENTH AFFIRMATIVE DEFENSE

23.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which defendant HORIZON LINES LLC is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), and by the terms of the contract of carriage.

### ELEVENTH AFFIRMATIVE DEFENSE

24.     Plaintiff failed to give timely notice of the alleged damage, loss or shortage and/or this claim is time barred as per the applicable legislation and/or terms of the subject dock receipt(s), bill(s) of lading, tariff(s), charter(s) and or contract(s) of affreightment.

### TWELFTH AFFIRMATIVE DEFENSE

25.     That if Plaintiff's cargo suffered any loss or damage, which defendant HORIZON LINES LLC denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea act, 46 U.S.C. Section 1304(2)(Q).

**AS AND FOR THIR CROSS-CLAIM AGAINST
CO-DEFENDANTS M/V " MAERSK VOSHOD", her engineers, tackle, hoilers, etc., MAERSK SEALAND, A.P. MOLLER-MAERSK A/S trading as MAERSK LINE, MAERSK INC., MAERSK PUERTO RICO, INC.,
DEFENDANT HORIZON LINES, LLC ALLEGES UPON INFORMATION AND
BELIEF AS FOLLOW:**

26. Defendant HORIZON LINES LLC repeats and realleges each and every admission, denial and defense set forth above in response to Plaintiff's Complaint with the same forth and effect as it set fort herein at length.

27. If the shipment in suit was damaged as set forth in the Complaint, which is specifically denied, the loss or damage was proximately caused by the negligence, breach of contract (expressed or implied), breach of warranty (expressed or implied), or the fault or omission of Co-Defendants MAERSK SEALAND, A.P. MOLLER-MAERSK A/S trading as MAERSK LINE, MAERSK INC., MAERSK PUERTO RICO, INC., in whole or in part, and not due to any fault omission negligence or breach of contract or breach of warranty on the part of Defendant HORIZON LINES, LLC.

28. If Plaintiff is entitled to recover against Defendant HORIZON LINES LLC for the loss alleged in the Complaint, then Defendant HORIZON LINES, LLC is entitled to recover indemnity and/or contribution from Co-Defendants MAERSK SEALAND, A.P. MOLLER-MAERSK A/S trading as MAERSK LINE, MAERSK INC., MAERSK PUERTO RICO, INC., for part or all of any such sums recovered, together with interests, costs and attorneys fees in defending against Plaintiff's action.

29. If Plaintiff is not entitled to recover against Defendant HORIZON LINES, LLC, the Defendant HORIZON LINES, LLC is entitled to recover indemnity from Defendants MAERSK SEALAND, A.P. MOLLER-MAERSK A/S trading as MAERSK LINE, MAERSK INC., MAERSK PUERTO RICO, INC., for all expenses

and fees, including but not limited to interest, costs and attorneys' fees, which they may incur in defending Plaintiff's action.

WHEREFORE, Defendant, HORIZON LINES LLC, prays:

  (a) That the Court adjudge that they have no liability for any loss or damage alleged in the Complaint and that they have and recover from Plaintiff their costs of defense incurred herein;

(b) that the Complaint be dismissed;

(c) that if liability is found against them, the Court award contribution from or indemnity in full against the Co-Defendants, MAERSK SEALAND, A.P. MOLLER-MAERSK A/S trading as MAERSK LINE, MAERSK INC., MAERSK PUERTO RICO, INC., together with the costs and disbursements of this action and reasonable counsel fees;

(d) that they may have such other and further relief as may be deemed just and proper in the premises.

Dated: New York, New York
      March 12, 2008

                                    DEORCHIS, & PARTNERS, LLP
                                    Attorneys for Defendant HORIZON LINES LLC.

                                    By: /s/  John A. Orzel
                                      John A. Orzel (JAO-2420)
                                      61 Broadway, 26th Floor
                                      New York, New York  10006-2802
                                      (212) 344-4700
                                      Our File:  2104-38

TO: LAW OFFICES OF DAVID L. MAZAROLI
 11 Park Place – Suite 1214
 New York, NY 10007
 (212) 267-8480
 Att.: David L. Mazaroli, Esq. (DM-3929)

TO: FREEHILL, HOGAN & MAHAR LLP
 80 Pine Street
 New York, NY 10005
 (212) 425-1900
 Att.: Michael Fernandez, Esq. (MF-4514)